IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY LEAVELL WEATHERALL, § | | |
| Movant, | § | 3:09-CV-1077-L |
| v. | § | (3:05-CR-081-L) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

Gregory Leavell Weatherall ("Movant") brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent is the United States of America.

**Statement of the Case**

On October 4, 2005, Respondent filed a two-count superseding indictment charging Movant with conspiracy to possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one). He was also charged with possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count two). On April 12, 2006, Respondent filed a notice of its intention to seek an enhanced penalty pursuant to 21 U.S.C. § 841(b)(1)(A). On June 20, 2006, Movant filed a motion waiving his right to a jury trial and requesting a bench trial. The District Court granted the motion on June 23, 2006. The District Court held a bench trial on June 26 and 27, 2006. On July 31, 2006, the Court

issued a written opinion finding Movant guilty of count one of the superseding indictment and not guilty of count two. Under 21 U.S.C. § 841(b)(1)(A), the District Court sentenced Movant to life imprisonment and a 10-year term of supervised release on December 11, 2006. Movant appealed, and the Fifth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Weatherall*, 280 Fed. Appx. 438 (5th Cir. 2008) (unpublished). Movant timely filed this § 2255 motion on June 9, 2009.

## Analysis

Movant claims that his counsel provided ineffective assistance by failing to: (1) argue that Movant was incompetent to waive his right to a jury; (2) challenge the prior state convictions used to enhance his sentence; (3) argue or investigate the enhancement under 21 U.S.C. § 841(b)(1)(A); and (4) challenge Respondent's notice of intent to seek an enhanced penalty. Respondent contends that Movant fails to show deficient conduct or resulting prejudice.

## Ineffective Assistance of Counsel

The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. CONST. art. VI. To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the

2

circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

To prove a claim of ineffectiveness, a movant must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Id.* at 687. To prevail on the deficiency component of this test, he must identify the acts or omissions that were not the result of reasonable professional judgment. *Id*. at 690. To prove the prejudice prong of alleged sentencing errors, a movant must show that there was a reasonable probability that, but for counsel's action, he would have received a lower sentence. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004).

### **Failure to Argue That Movant was Incompetent to Waive a Jury Trial**

Movant claims that counsel provided ineffective assistance by failing to argue that Movant was neither mentally nor intellectually competent to waive his right to a jury. (Movant's Mem. ground two.) A habeas petitioner's burden to demonstrate incompetency at the time of trial "is extremely heavy." *Johnson v. Estelle*, 704 F.2d 232, 238 (5th Cir. 1983). To obtain relief pursuant to § 2255 based on incompetency, the petitioner "must show that the facts are 'sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt' as to his mental competency at the time of trial." *Dunn v. Johnson*, 162 F.3d 302, 306 (5th Cir. 1998). Moreover, solemn declarations in open court carry a strong presumption of verity. *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006).

Movant bases his argument on the grounds that he: (1) suffers from bipolar disorder; (2) is drug dependent; and (3) cannot read beyond a third-grade level. He claims his waiver of his right to a jury trial was not knowing, voluntary, and intelligent.

J. Randall Price, Ph. D., a psychiatrist was appointed to examine Movant in this case. (Psychological Report, Doc. 200-2 at 25.) After examining and testing Movant, Dr Price found that despite Movant's mental disorder, drug dependency, and third-grade reading level, Movant was competent to understand the proceedings:

> **Competency**: [Movant] appears to understand the charges against him. He is able to rationally assist his attorney. He appears to understand the nature of the proceedings against him and to comprehend his own situation in reference to the proceedings. He is able to understand a plea bargain and is capable of making a decision regarding the same.

(Doc. 200-2 at 25.) Movant's argument that counsel should have argued that Movant was incompetent to understand the waiver of a jury trial is meritless. Counsel is not required to make meritless arguments.

Moreover, Movant has failed to overcome the strong presumption of verity of his solemn declarations in open court at the hearing on waiver of a jury. Movant testified that he thought a bench trial would be more fair that a jury trial. (Hrg. Tr. at 12-13.) Movant also stated that he had signed the waiver and that he understood that the waiver meant that he was giving up his right to have a jury hear his case. (*Id.* at 14.) Additionally, Movant swore that he understood what he was doing, that his waiver of a jury was voluntary, and that he was exercising his own free will. (*Id.* at 15-16.) Movant testified that he understood that the District Court, rather than a jury, would decide whether he was guilty or not guilty. (*Id*.) Further, he admitted that counsel had discussed the waiver with him. (*Id.* at 16.) He further testified that he voluntarily and freely signed the waiver. (*Id.* at 16-17.) Finally, Movant testified that he understood that once the Court allowed him to proceed with a bench trial, he would not be able to change his mind and request a jury. (*Id.* at 17.)

4

The District Court found that Movant's motion to waive a jury trial and proceed before the Court was knowing and voluntary. Additionally, after fully discussing the motion with Movant, the District Court held that Movant fully understood the rights that he was giving up by deciding to proceed in front of the Court as opposed to a jury. (*Id.* at 17-18.) The Court also found that Movant had discussed those rights with his counsel. (*Id.* at 18.)

Movant fails to raise a real, substantial, and legitimate doubt as to lack of understanding at the time he waived his right to a jury trial. He fails to show that his waiver was not free and voluntary. Movant's argument that counsel should have raised his competency to waive a jury trial is meritless. Counsel had no grounds to bring such a motion in light of the record, and his failure to do so was not deficient performance. Additionally, Plaintiff has not shown that he was prejudiced. The District Court should deny the claim that counsel provided ineffective assistance by failing to raise Movant's competency to waive a jury.

### **Movant's Claims of Ineffective Assistance of Counsel At Sentencing**

Movant's other claims of ineffective assistance of counsel are based upon the underlying premise that Respondent's evidence was insufficient to sustain his conviction and sentence — a claim that is not cognizable on collateral review. *Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972). Moreover, the Fifth Circuit Court of Appeals rejected this claim on its merits and, consequently, it cannot be raised on collateral review. *United States v. Webster*, 421 F.3d 308, 310 (5th Cir. 2005). The Fifth Circuit decided that "the record contains ample evidence supporting the court's finding beyond a reasonable doubt that [Movant] knew about and voluntarily participated in a drug conspiracy involving more than 50 grams of crack cocaine. The evidence was sufficient to convict [Movant] as charged." (Govt.'s App. at 2.)

Movant attempts to challenge his two or more prior felony convictions[1] by accusing trial counsel of ineffective assistance at sentencing. He argues that counsel failed to investigate his prior state charges which led to a sentence of life imprisonment. Movant also claims that he first saw the enhancement notice at the sentencing itself and that his counsel failed to help convince the trial court that the notice was late or lacking. These claims are all refuted by the record.

Movant admitted to the District Judge several times that he was one and the same person convicted of the offenses listed on page 1 of the document filed by the government on April 12, 2006 (the Penalty Enhancement Information and Notice of Intention to Seek Enhanced Penalty, doc. 125.) (Sent. Tr. at 27.) The record conclusively shows that Movant had at least two prior felony convictions that had become final and that he was shown his prior record in the September before his sentencing in December, 2006.

The Sentencing Transcript establishes that Movant, his attorney, the prosecutor, and Deputy Willie Washington met in the United States Attorney's Office in September, 2006. (Sent. Tr. at 32-36.) The purpose of the meeting was to take Movant's fingerprints and to discuss his prior convictions. (*Id.*) Deputy Washington showed Movant his prior convictions (with fingerprints) at that time.[2] (*Id.*) At first, Movant did not agree, but then he changed his mind. (*Id.*) His main

---

[1] Section 841 provides in part:

> If any person commits a violation of this [section] after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release. 21 U.S.C. § 841(b)(1)(A).

[2] Respondent's notice of intent to seek an enhanced penalty (Dkt # 125) cited five prior controlled substance offenses:
> A) Possession of controlled substance, namely cocaine, committed on January 16, 1989, in cause number 15,326 in the 196th Judicial District of Hunt County, Texas.

concern at that time was to establish that nobody was trying to put anything over on him. (*Id*.) Movant's fingerprints taken in September became Exhibit 107. (*Id*.) The fingerprint expert compared the September fingerprints to Exhibits 100-106 which contained the penitentiary packets with certified copies of Movant's prior convictions and accompanying fingerprints. (*Id*.) The expert determined that the fingerprints were one and the same. (*Id*.) Based upon all of the testimony at the sentencing hearing, and the exhibits admitted into evidence, the District Court concluded that Movant had been previously convicted of more than two felony drug offenses that were final. (*Id*. at 40.) Movant's prior convictions were properly considered for enhancement purposes. Only if the prior convictions resulted from acts forming a single criminal episode should they be treated as a single conviction for sentence enhancement under section 841(b)(1)(A). *United States v. Barr*, 130 F.3d 711, 712 (5th Cir.1997). Separate convictions constitute one offense when the violations occur simultaneously, as opposed to sequentially. *Id*. In this case, Movant committed one felony offense on January 16, 1989. Then he committed two felony offenses on March 18, 1991. Finally, he committed two more felony offenses on March 30, 1991. Because these offenses were committed sequentially, they were properly considered as three separate offenses under 21 U.S.C. §

---

Judgment adjudicating guilt filed on January 2, 1991.
B) Delivery of a controlled substance, namely cocaine, committed on March 18, 1991, in cause number 16,861 in the 196th Judicial District of Hunt County, Texas. Judgment revoking probation filed on June 13, 1995.
C) Delivery of a controlled substance, namely cocaine, committed on March 18, 1991, in cause number 16,862 in the 196th Judicial District of Hunt County, Texas. Judgment revoking probation filed on June 13, 1995.
D) Delivery of a controlled substance, namely cocaine, committed on March 30, 1991, in cause number 16,920 in the 196th Judicial District of Hunt County, Texas. Judgment revoking probation filed on June 13, 1995.
E) Delivery of a controlled substance, namely cocaine, committed on March 30, 1991, in cause number 17,139 in the 196th Judicial District of Hunt County, Texas. Judgment revoking probation filed on June 13, 1995.

841(b)(1)(A). *Barr*, 130 F.3d at 712. Accordingly, Movant has not shown that either trial or appellate counsel was ineffective for failing to challenge the prior convictions for purposes of the statutory life sentence. Moreover, Movant has not shown that he suffered prejudice. The District Court should deny this claim.

Movant alleges that Respondent has confused the issues by arguing both career offender status under USSG 4B1.1 and the statutory maximum of life imprisonment. Movant's allegations are not supported by any evidence. The arguments Respondent made on appeal are not before the Court in this proceeding. Movant's counsel made an argument for a change in the law by application of the sentencing guidelines under *Booker*[3] in Movant's case, rather than application of the statutory life sentence. The District Court determined that a guideline range in this case would be 360 to life in prison, but determined it was bound by the statutory provisions in 21 U.S.C. § 841(b). Movant's counsel did not misapprehend the law, as Movant contends. Rather, it is clear that counsel's argument was an attempt to convince the District Court not to apply the statutory mandatory life sentence. The District Court did not agree that *Booker* called for such a change in the law, and held that the statutory life sentence was applicable. Neither trial nor appellate counsel's representation was deficient in any regard. Moreover, Movant was not prejudiced.

The Court may deny a § 2255 motion without a hearing only if the motion, files, and records of the case show conclusively that the movant is not entitled to relief. Here, Movant's allegations that counsel provided ineffective assistance are contradicted affirmatively by the record. An evidentiary hearing is not required. Movant's § 2255 motion is entirely without merit, and the District Court should deny it based upon the record.

---

[3] *United States v. Booker*, 543 U.S. 220 (2005).

**RECOMMENDATION**:

The Court recommends that the District Court deny the motion under 28 U.S.C. § 2255 with prejudice.

Signed this 29th day of November, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Id*.