IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GREGORY LEAVELL WEATHERALL**, | § | |
| | § | |
| Movant, | § | |
| v. | § | Civil Action No. **3:09-CV-1077-L** |
| | § | **(3:05-CR-081-L)** |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is a motion to vacate, set aside, or correct sentence by a person in federal custody, filed on June 9, 2009, by movant Gregory Leavell Weatherall ("Weatherall"). On November 29, 2010, Magistrate Judge Paul D. Stickney entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") concerning the motion. Weatherall filed objections to the Report on December 14, 2010.

Respondent United States of America ("Respondent") filed a two-count indictment on October 4, 2005, that charged Weatherall with conspiracy to possess with the intent to distribute 50 grams or more of cocaine base (count one) and possession of a firearm during and in relation to a drug-trafficking crime (count two). Respondent filed a notice of its intention to seek an enhanced penalty pursuant to 21 U.S.C. § 841(b)(1)(A) on April 21, 2006. Weatherall filed a motion on June 20, 2006, that waived his right to a jury trial and requested a bench trial. The court granted the motion and held a bench trial on June 26 and 27, 2006. On July 31, 2006, the court issued a written opinion that found Weatherall guilty of count one and not guilty of count two. On December 11, 2006, Weatherall was sentenced to life imprisonment and a 10-year term of supervised release.

This action, brought pursuant to 28 U.S.C. § 2255, asserts claims of ineffective assistance of counsel. Specifically, Weatherall contends that his counsel provided ineffective assistance because his counsel did not: (1) argue that Weatherall was incompetent to waive his right to a jury; (2) challenge Weatherall's prior state convictions used to enhance his sentence; (3) argue or investigate the sentence enhancement under 21 U.S.C. § 841(b)(1)(A); and (4) challenge Respondent's notice of intent to seek an enhanced penalty. The magistrate judge determined that Weatherall's arguments are without merit and that the record affirmatively contradicts Weatherall's claims of ineffective assistance.

Weatherall objects to the magistrate judge's findings by asserting that his counsel provided ineffective assistance by discussing evidence in the case with the trial judge and by failing to inform Weatherall of Respondent's intent to seek an enhanced penalty. He contends that these actions prejudiced his sentence. The court disagrees.

With respect to Weatherall's first contention that it was improper for his counsel to discuss evidence with the trial judge, and that it was plain error for the trial judge to try the case, the court must impress upon Weatherall that a trial judge is not a jury. A trial judge has knowledge of the rules of evidence and is not affected in the same way a juror might be when such evidence is introduced, even if such evidence is introduced improperly. Moreover, that the trial judge advised Weatherall of his right to a trial by "twelve impartial citizens" does not mean that a bench trial is automatically partial. Indeed, the trial judge actually found Weatherall not guilty of count two of the indictment. The sentence imposed was a result of the evidence introduced and the findings made at trial; it was not a result of partiality, and there was no plain error in the trial judge's trying the case. The record reflects that Weatherall voluntarily and intelligently elected to have a bench trial.

With respect to Weatherall's second contention that his counsel failed to notify him of Respondent's intent to seek an enhanced penalty, the excerpt of the sentencing transcript provided by Weatherall shows that his counsel did provide him with such notice by going over the relevant document with Weatherall prior to the sentencing. Even if Weatherall lacked such notice, however, it is apparent from the record that his counsel was aware of Respondent's intent and actively argued a change in the law by application of the sentencing guidelines rather than application of the required statutory life sentence. As the magistrate judge concluded, Weatherall's counsel did not misapprehend the law; his counsel attempted to persuade the court that the statutory mandatory life sentence should not be applied. The court, however, did not agree that the sentencing guidelines called for a change in the law and determined that the statutory life sentence was applicable. Weatherall was simply not prejudiced by his alleged unawareness of Respondent's intent to seek an enhanced penalty. There was no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). For these reasons, the court **overrules** Weatherall's objections.

Having reviewed the motion, record, Report, and objections, the court determines that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. The court accordingly **denies** the motion to vacate, set aside, or correct sentence by a person in federal custody.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court further **denies** a certificate of appealability.* The court determines that Weatherall has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's Report filed in this case. In the event that Weatherall files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 21st day of December, 2010.

Sam A. Lindsay
United States District Judge

---

*Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.